PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* NEMESIO SEDA and JUAN FONT, Defendants and Appellants.

No. 2431. Argued April 15, 1925.—Decided April 28, 1925.

1. WEIGHTS AND MEASURES—COMPLAINT AGAINST PARTNERSHIP—INDEFINITE JUDGMENT.—Under a criminal complaint against the individual members of a firm, naming them, a judgment of conviction against "the defendant" without specifying which of them is void.

2. ID.—ID.—ID.—A judgment which does not state the offense of which the defendant was convicted is void.

3. ID.—ID.—PLEADING.—A complaint for violation of section 2 of Act No. 13 of April 12, 1917 (1 Laws of 1917, p. 128), wherein it is alleged that on a certain date the defendant members of a firm displayed, offered for sale and *sold through their salesman* a number of loaves of bread of short weight is sufficient.

District Court of Ponce, R. Díaz Cintrón, J. Judgment of conviction for a violation of the Weights and Measures Act. *Reversed.*

*C. Brunet del Valle* for the appellants. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Nemesio Seda and Juan Font, who composed the firm of Seda & Font, were charged in the Municipal Court of Ponce with a violation of section 2 of Act No. 13 of April 12, 1917 (1 Laws of 1917, p. 128), "To regulate the weight of loaves of bread, etc.," in that on a certain date they displayed, offered for sale and sold through their employed salesman, Víctor Gutiérrez, a number of loaves of bread of short weight.

The district court rendered the following judgment on appeal:

"After hearing the evidence for the prosecution (the defendant having introduced none) the court found the defendant guilty and sentenced him to pay a fine of $5 or in default thereof to serve five days in jail, without costs."

[1] This judgment shows on its face that it is null and void. It finds "the defendant" guilty. The firm of Seda & Font was not the accused and such a complaint could

not have been made against the entity. Perhaps this is the cause of the court's mistake in referring to "the defendant" in the singular, although from the complaint it clearly appears that it was made against the two individual partners, naming them. Hence, it does not show which of them was convicted, for the name of the sentenced defendant is not stated.

[2] Another defect in the judgment is its failure to state the offense of which the defendant was convicted. The jurisprudence is clear on this point. This omission renders the judgment void. In the case of *People* v. *Fernández,* 19 P.R.R. 107, a judgment was declared void because of failure to specify the offense therein, citing the case of *People* v. *Campos,* 17 P.R.R. 1144.

[3] It will be unnecessary to consider the appellant's plea that the complaint is insufficient, for this question was disposed of in the case of *People* v. *Barquet,* 17 P.R.R. 994, wherein the complaint was similar and was held sufficient. See also *People* v. *Barquet,* 19 P.R.R. 753.

For the foregoing reasons the judgment of the district court is reversed and the defendants discharged.